UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION



DOCKET NO. 02-46969-JBR
WORCESTER, MA.

IN RE:

    CARL J. HANNIGAN, DEBTOR

DEBTOR'S MOTION TO AMEND THE VALUE OF HIS HOMESTEAD EXEMPTION
SET FORTH IN SCHEDULE C

    Now comes the Petitioner Carl J. Hannigan, Debtor hereafter, and respectfully requests this Honorable Court, pursuant to Federal Rules of Bankruptcy, Rule 1009, allow the debtor to amend Schedule C of his petition by changing the value of his exemption from $135,000.00 to "the value of the property to the extent of $300,000.00." As reasons therefore, the Debtor states the following:

1. In the Debtor's original filing, the current market value of his residence and the value of the claimed exemption on his residence are both set at $135,000.00.

2. The sole creditor, Robert R. White, is challenging the value of the Debtor's residence as set forth in the Debtor's petition.

3. One of the issues this Court will decide at the evidentiary hearing on July 10, 2003 is the value of the residence.

4. At the time of the Debtor's original filing, the Debtor was entitled, under M.G.L. c. 188, sec. 1A, to a homestead exemption of up to $300,000.00.

5. Fairness requires that if this Court establishes a value for the property greater than that set by the Debtor, the Debtor be entitled to apply his homestead exemption to the new amount up to, but not exceeding $300,000.00.

6. It is well established that "a debtor may amend a schedule at any time before the case is closed and shall give notice of such amendment to the trustee and 'any entity affected thereby.'" *In re: Govoni*, 289 B.R. 500, (Bankr. D. Mass. 2002).

7. This is debtor's first request to amend his Petition.

8. In further support, the debtor states that amendments are liberally allowed under Rule 1009.

9. "A debtor may exempt property from the estate under 'the State or local law that is applicable on the date of the filing of the petition....'" *Id.* At 504 even if such property was not initially included in his original petition.

10. However, in the present matter, this debtor initially asserted his rights under the Homestead Exemption laws and made timely claims, which preserved his right to amend at a later date. "It is well established...that if an initial exemption claim is timely made, even in a nominal amount, it may thereafter be amended upward, to the extent the homestead exemption amount has not been exhausted, to increase the value claimed exempt." *In re: Watkins*, 267 B.R. 703, 708 (Bankr E. VA 2001).

11. The Debtor gained no material interest by declaring the Homestead Exemption lower than the statutory maximum.

12. The objecting creditor, Robert R. White, will not be prejudiced by the allowance of this motion since he was always on notice that the Debtor was claiming the Homestead Exemption in an amount equal to the value of the property.

WHEREFORE, the Debtor respectfully requests this Honorable Court grant his motion to amend his Petition in Bankruptcy.

Date: June 11, 2003

Debtor/Respondent, Carl J. Hannigan

James M. Donovan, Esq.
BBO #546679
Bovenzi and Donovan
14 Hubbard Avenue
Springfield, MA 01105
(413) 734-5400

CERTIFICATE OF SERVICE

I, James M. Donovan, hereby certify that I have served on June 11th, 2003 the foregoing DEBTOR'S MOTION TO AMEND by mailing a copy first class mail, postage prepaid to:

Robert R. White
Levy & White
20 William Street
Lowell, MA 01852

Tali A. Tomsic, Esq.
Chapter 7 Trustee
P. O. Box 307
North Andover, MA 01845

James M. Donovan

**BOVENZI & DONOVAN**
ATTORNEYS AT LAW
14 MONUMENT SQUARE - SUITE 202
LEOMINSTER, MASSACHUSETTS 01453

THOMAS M. BOVENZI
JAMES M. DONOVAN*
*ALSO ADMITTED IN CONNECTICUT

TELEPHONE (978) 840-4500
FAX (978) 840-4660

CLERK'S OFFICE

2003 JUN 12 A 11: 5:

U.S. BANKRUPTCY COURT
WORCESTER, MA.

June 11, 2003

James M. Lynch, Clerk
U.S. Bankruptcy Court, Western Division
211 Harold D. Donohue Federal Bldg
595 Main Street
Worcester, MA  01608-2076

    Re:    Carl J. Hannigan, No. 02-46969-JBR

Dear Mr. Lynch:

    Enclosed for filing, please find Debtor's Motion to Amend the Value of his Homestead Exemption Set Forth in Schedule C.

Very truly yours,

*James M. Donovan*
James M. Donovan

JMD/efs

Enclosure

c:    Robert R. White, Esq.
       Tali A. Tomsic, Esq.